wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Deese, | No. CV-08-00539-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Wells Fargo Bank; Reede Reynolds and Heather Reynolds, husband and wife, | |
| Defendants. | |

Before the Court are the parties' cross-Motions for Partial Summary Judgment. For the reasons discussed, Defendants' Motion will be granted and Plaintiff's Motion will be denied.

**BACKGROUND**

Plaintiff filed an Amended Complaint for disparate treatment and a hostile work environment on the basis of her sex (Count I) and intentional infliction of emotional distress and interference with employment relationship (Count II). Plaintiff is employed as a senior investigator at Wells Fargo Bank. In 2004, Defendant Reede Reynolds became Plaintiff's new manager. Plaintiff alleges Reynolds began giving her unwarranted verbal and written reprimands, demeaned the quality of her work, and generally treated her in a negative fashion because of her sex. Plaintiff alleges males that held similar positions were treated much better, and that Reynolds made negative comments about women that evidenced his

discriminatory bias against women. Plaintiff alleges she was mistreated in a pervasive, continuing, and extreme manner, which constituted a hostile work environment.

## STANDARD

When parties submit cross-motions for summary judgment, each motion must be considered on its own merits and analyzed under Federal Rule for Civil Procedure 56. *Fair Housing Council of Riverside County, Inc. v. Riverside Two,* 249 F.3d 1132, 1136 (9th Cir. 2001). Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). To enter summary judgment, the Court must examine all evidence and find no dispute concerning genuine issues of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-256 (1986). The evidence of the non-moving party is to be believed, and all reasonable inferences drawn in its favor. *See id.* "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted). However, if the non-moving party bears the burden of proof at trial, the moving party's summary judgment motion need only highlight the absence of evidence supporting the non-moving party's claims. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 323-25). The burden then shifts to the non-moving party who must produce evidence sustaining a genuine issue of disputed material fact. *See id.*

## DISCUSSION

Defendants move for summary judgment on the sex discrimination/hostile work environment claim on the ground that it is barred by the applicable statute of limitations and fails as a matter of law because the conduct alleged was not severe or pervasive. Defendants move for summary judgment on the intentional interference with a business relationship

- 2 -

claim on the ground that Plaintiff has not alleged the essential elements of the claim. Defendants move for summary judgment on the intentional infliction of emotional distress claim on the ground that Plaintiff has insufficient evidence to support it.[1] Plaintiff moves for summary judgment on the ground that the evidence shows there are no genuine issues of fact and she is entitled to judgment as a matter of law.[2]

## I. Statute of Limitations

Defendants argue Plaintiff's sex discrimination/hostile work environment claim is barred by Title VII's 300-day statute of limitations because Plaintiff failed to file a charge of discrimination within 300 days of any discreet adverse employment action.

Title VII requires plaintiffs to file a charge of discrimination with the EEOC within 300 days of the discriminatory conduct prior to bringing a claim. 42 U.S.C. § 2000e-5(e). Discreet discriminatory acts are not actionable if time-barred. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Plaintiff filed her charge of discrimination on February 21, 2008. To the extent Plaintiff's discrimination claim is based on discreet adverse employment actions that occurred prior to April 27, 2007, the claim is time-barred. Hostile work environment claims, however, are different than claims based on discreet acts because their very nature involves repeated conduct. *Id.* As long as at least one "act contributing to the claim occurs within the filing period, the entire time period of the hostile work environment may be considered by a court for the purposes of determining liability." *Id.* at 117. Because Plaintiff appears to allege both discrimination based on discreet acts and

---

[1]Defendants also move for summary judgment on Plaintiff's claim for religious discrimination. In response, Plaintiff indicates she did not intend to assert a religious discrimination claim. Although she alleges anti-Jewish offensive comments were made, she cited these comments to support her claim that she experienced a hostile work environment on the basis of her sex. To the extent the Amended Complaint asserts a religious discrimination claim, Defendant will be granted summary judgment on it.

[2]In addition to the claims in her Amended Complaint, Plaintiff moves for summary judgment on a retaliation claim. Plaintiff did not plead a retaliation claim in her Amended Complaint, and the Court will not consider it.

- 3 -

discrimination based on a hostile work environment, these claims will be analyzed separately.

### A.     Discrimination Based on Discreet Adverse Employment Actions

Defendants argue no discreet adverse employment actions occurred after April 27, 2007. Plaintiff does not point to any discreet adverse employment acts that occurred after that date. The only allegation she makes concerning acts that took place after that date is that, "throughout 2007," she was required to come to work on time every day while her male counterpart was allowed to come in late and leave when he wanted. This was an ongoing employment action that occurred throughout 2007 and does not constitute a discreet act that occurred after April 27, 2007. *See Wheeler v. Arizona Dept. of Corrections*, 2008 WL 724982, *3 (D. Ariz. 2008). To the extent Plaintiff alleges discrimination based on discreet acts, the claim is barred and Defendants will be granted summary judgment on it.

### B.     Hostile Work Environment

As discussed above, the timeliness of a hostile work environment claim is evaluated differently because it is based on ongoing circumstances that occur over a period of time. The Supreme Court has held that if at least one "act contributing to the claim occurs within the filing period, the entire time period of the hostile work environment may be considered by a court for the purposes of determining liability." *Morgan*, 536 U.S. at 115. Defendant argues that no acts occurred within the relevant time period that can form the basis for a sex discrimination-based hostile work environment claim.

As noted, the only action Plaintiff claims occurred during the relevant period was that she was required to come to work on time everyday. She also implies (though does not expressly state) that the following additional forms of hostile treatment occurred during the relevant time period: (1) she was required to do more work and more training than her male counterparts, (2) she was given "crap cases" which would not help her reputation as an investigator, and (3) she was required to have her files looked over by a co-worker. In support, Plaintiff cites to various paragraphs in her statement of facts in support of these

- 4 -

allegations. The statements of fact Plaintiff cites do not provide evidence these acts occurred within the relevant time period. None of the statements of fact cited by Plaintiff alleges these acts occurred beyond April 27, 2007.

As Defendant has moved for summary judgment on the ground that Plaintiff's hostile work environment claim is time-barred, Plaintiff has the burden of citing evidence that she experienced a hostile work environment within the relevant time period. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). Plaintiff is not entitled to "rely merely on allegations or denials in [her] own pleading; rather, [her] response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Plaintiff has cited to no evidence that the acts alleged occurred within the relevant time period. The Court is not required to perform an independent search through all the depositions, interrogatories, and other papers in the record to find evidence to support Plaintiff's claims. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 990 n. 2 (9th Cir. 1991) ("[A] district court is under no obligation to mine the full record for issues of triable fact."). Because Plaintiff has cited no evidence to show she experienced a hostile work environment within the relevant time period, her claim is time-barred. Defendants will be granted summary judgment on Plaintiff's claim for sex discrimination/hostile work environment.

## II.  Intentional Interference with Business Relationship

Defendants move to dismiss the intentional interference with business relationship claim because Plaintiff failed to allege the existence of a contract with a third party. To state a claim for intentional interference with a business relationship, Plaintiff must allege the existence of a contract between Plaintiff and a third-party. *Payne v. Pennzoil Corp.*, 672 1322, 1327 (Ariz. Ct. App. 1983) ("[S]ince the three employees were acting *for* the company, they cannot be interfering with a contract *of* the company."). Plaintiff concedes there is no third-party. Defendants will be granted summary judgment of the intentional interference claim.

- 5 -

### III. Intentional Infliction of Emotional Distress

Defendants move to dismiss the intentional infliction of emotional distress claim on the ground that none of Defendants' alleged conduct rises to the level of "extreme and outrageous" conduct. To prevail on an intentional infliction of emotional distress claim, a plaintiff must show:

> (1) that defendants' conduct could be characterized as extreme and outrageous;
> (2) that defendants either intended to cause or recklessly disregarded the near certainty that emotional distress would result from their conduct;
> (3) that defendants' conduct actually caused severe emotional distress.

*Nelson v. Phoenix Resort Corp.*, 888 P.2d 1375, 1386 (Ariz. Ct. Appl. 1994) (internal citation and quotation marks omitted). To be "extreme and outrageous," the conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atlantic Systems Leasing Intern., Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (internal citation omitted). The trial court determines whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief. *Id.* ("Only when reasonable minds could differ in determining whether conduct is sufficiently extreme or outrageous does the issue go to the jury."). Liability does not extend to "mere insults, threats, annoyances, petty oppressions, or other trivialities." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1059 (9th Cir. 2007) (citing Restatement 2d of Torts, § 46). "There is no occasion for the law to intervene where someone's feelings are hurt." *Id.*

Plaintiff fails to allege "extreme and outrageous conduct" sufficient to state a claim for intentional infliction of emotional distress. Plaintiff alleges Defendant Reynolds insulted her and shouted at her, swore at her, told her she had to come to work on time, gave her more work than other employees, gave her the "crap" cases to work on, publicly accused her of not performing up to her duties, and regularly demeaned her work performance. These allegations are not so extreme and outrageous as to be regarded as atrocious and utterly intolerable in a civilized community. *See Mintz*, 905 P.2d at 564 (callousness and

insensitivity by employer, including hand-delivering a termination letter while plaintiff was in the hospital receiving treatment for severe emotional problems, did not state claim for intentional infliction of emotional distress); *see also Nelson,* 888 P.2d at 1386 (plaintiff who was required to come to work at 3:00 a.m., had armed security guards force him out of the building, and was fired in front of news media who were invited to watch his termination, failed to allege sufficiently extreme and outrageous conduct to state a claim for intentional infliction of emotional distress). Plaintiff argues Reynolds' conduct was made particularly extreme because he knew she was particularly susceptible to emotional distress. But Plaintiff cites no evidence to show Reynolds knew she was particularly susceptible to emotional distress.

Plaintiff argues Defendant Wells Fargo is liable for intentional infliction of emotional distress because it knew of Reynolds' conduct and failed to remedy it. Because Reynolds' alleged conduct does not constitute extreme and outrageous conduct, Wells Fargo's failure to remedy also does not constitute extreme and outrageous conduct. In any case, Defendant has submitted evidence that Wells Fargo did not fail to investigate and respond to Plaintiff's complaints about Reynolds. Defendants will be granted summary judgment on Plaintiff's intentional infliction of emotional distress claim.

Accordingly,

**IT IS ORDERED** Defendants' Motion for Summary Judgment (Doc. 115) **IS GRANTED.**

**FURTHER ORDERED** Plaintiff's Motion for Summary Judgment (Doc. 118) **IS DENIED**. The clerk shall terminate this case.

DATED this 13th day of September, 2010.

_____
Roslyn O. Silver
United States District Judge

- 7 -